UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-60-1FL(4)
NO. 7:19-CR-60-2FL(4)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| MELINDA LORRAINE HALL ) | |
| PATRICK LEE JONES ) | |
| ) | |

The Grand Jury charges that:

## COUNT ONE

Beginning in or about January 2018, the exact date being unknown to the Grand Jury, and continuing up to and including on about November 16, 2018, in the Eastern District of North Carolina, and elsewhere, MELINDA LORRAINE HALL and PATRICK LEE JONES, the defendants herein, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and with other persons, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about November 16, 2018, in the Eastern District of North Carolina, the defendants, MELINDA LORRAINE HALL and PATRICK LEE JONES, aiding and

1

abetting one another, did knowingly and intentionally possess with the intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## ALLEGATIONS OF PRIOR CONVICTIONS

For purposes of Title 21, United States Code, Sections 841(b) and 851, the defendants, MELINDA LORRAINE HALL and PATRICK LEE JONES, committed the violations alleged in the Indictment after at least one (1) prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d), made applicable by Title 28, United States Code, Section 2461(c), that all of his interest in all property specified herein is subject to forfeiture.

As a result of the offenses charged in Counts One through Ten of the Indictment, the defendant(s) shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 4/4/19

ROBERT J. HIGDON, Jr.
United States Attorney

BY: JOHN BRADFORD KNOTT
Assistant United States Attorney